IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| BRADLEY GONZALES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:12-cv-2131 HAD-DGB |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| SUSAN FRANK, BRIAN INSLEY and | ) | |
| LARRY McCLURE, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO ENFORCE SETTLEMENT AGREEMENT AND
MOTION TO STAY ALL CASE DEADLINES PENDING THE RESOLUTION OF THE
MOTION TO ENFORCE**

Defendants Wal-Mart Stores, Inc., Susan Frank, Brian Insley, and Larry McClure (collectively "Defendants"), by counsel, move the Court to enforce the settlement agreement reached between Plaintiff Bradley Gonzales ("Plaintiff") and Defendants on April 3, 2013. Defendants additionally request that the Court stay all case deadlines pending the resolution of Defendants' Motion to Enforce in order to promote judicial economy. As discussed further below, a settlement agreement was reached between the Parties in this matter, which obviates the need for any further proceedings.

**I.     Factual Background**

Plaintiff previously was employed by Defendant Wal-Mart's retail Store No. 1734 located in Champaign, Illinois. [Dkt. 1, ¶2]. Plaintiff was terminated by Defendant Wal-Mart on April 17, 2011. [Dkt. 1, ¶25]. On May 14, 2012, Plaintiff initiated this action against Defendants alleging interference and retaliation in violation of the Family and Medical Leave

Act, 29 U.S.C. § 2601 *et seq*. ("FMLA") and intentional infliction of emotional distress in violation of Illinois state law. [Dkt. 1].

On January 18, 2013, the Parties commenced discussing settlement and agreed to extend the discovery and dispositive motion deadlines in an attempt to resolve this matter through Court supervised mediation. [Dkt. 35]. The Parties also jointly requested a Court mediated settlement conference before the Magistrate Judge at that time. [*Id*.]. On January 28, 2013, the Court issued an Order scheduling this matter for a settlement conference before Magistrate Judge David G. Bernthal on March 26, 2013. [Dkt. 33]. The Order stated, in relevant part:

> That said settlement conference shall be attended by the parties' lead trial counsel, as well as all parties themselves, or a corporate/carrier representative with full settlement authority.

*Id.* Thus, the Parties were ordered to conduct settlement discussions through Court-supervised proceedings.

Prior to the formal settlement conference, Magistrate Bernthal conducted preliminary settlement negotiations between the Parties.[1] Based on Plaintiff's settlement position, Magistrate Bernthal converted the March 26, 2013 settlement conference to a telephonic proceeding and continued to negotiate settlement between the Parties. Although a settlement was not reached on March 26, 2013, Magistrate Bernthal continued to mediate settlement negotiations between the Parties telephonically throughout the following week.

After several rounds of exchanging settlement offers, Plaintiff's counsel informed Magistrate Bernthal on April 2, 2013 that Plaintiff would accept $65,000.00 in exchange for: 1) the dismissal of Plaintiff's lawsuit with prejudice; and 2) the execution of Defendant Wal-Mart's

---

[1] Defendants respectfully request that the Court take judicial notice of the facts related to the settlement discussions described herein because Magistrate Bernthal presided over the discussions. *See, e.g., Pinnacle Performance, Inc. v. Garbis,* 2013 U.S. Dist. LEXIS 24433 (N.D. Ill. 2013) (court setting forth details regarding settlement discussions over which it presided).

2

standard settlement agreement (previously provided to Plaintiff and his counsel for review), which includes an agreement to not resume or seek future employment with Defendant Wal-Mart, its parent, successors, affiliates, and subsidiaries. Magistrate Bernthal communicated Plaintiff's final offer to Defendants by leaving a voice mail for defense counsel, Susan Zoeller, after the close of Ms. Zoeller's business on April 2, 2013.[2]

On April 3, 2013, Ms. Zoeller telephoned Magistrate Bernthal to accept Plaintiff's settlement offer. Because Magistrate Bernthal was unavailable at the time she called, Ms. Zoeller left a message with Magistrate Bernthal's Courtroom Deputy informing Magistrate Bernthal that Defendants' accepted Plaintiff's April 2, 2013 settlement offer. That is, a settlement was reached when Ms. Zoeller left message for Magistrate Bernthal on April 3, 2013 accepting Plaintiff's April 2, 2013 offer.

*After* Ms. Zoeller left a message for Magistrate Bernthal accepting Plaintiff's April 2, 2013 settlement offer (but before Magistrate Bernthal called Ms. Zoeller back), Plaintiff's counsel later that day sent defense counsel an email stating that Plaintiff was no longer interested in settlement. When Magistrate Bernthal returned Ms. Zoeller's call, Ms. Zoeller advised the Court of Plaintiff's revocation of his April 2, 2013 settlement offer. Magistrate Bernthal informed Ms. Zoeller that Plaintiff's counsel had not communicated any revocation to the Court, and that it was the Court's position that the Parties had reached an oral settlement agreement on April 3, 2013 based on Defendants' acceptance of Plaintiff's April 2, 2013 offer.

Magistrate Bernthal then contacted Plaintiff's counsel and advised Plaintiff that the Parties had reached a settlement agreement when Defendants accepted Plaintiff's April 2, 2013 settlement offer on April 3, 2013. Magistrate Bernthal ordered Plaintiff and Plaintiff's counsel to

---

[2] Ms. Zoeller's office is located in Indianapolis, Indiana, which is in the Eastern Time Zone.

appear before him the following day to address the issue. Plaintiff and Plaintiff's counsel appeared before Magistrate Judge Bernthal on April 4, 2013, but Plaintiff refused to honor the April 3, 2013 settlement agreement.

## II.    Legal Standard

"The power to implement a settlement agreement between the parties inheres in the district court's role as a supervisor of litigation." *Carr v. Runyan*, 89 F.3d 327, 331 (7th Cir. 1996); *see also Wilson v. Wilson*, 46 F.3d 660, 664 (7th Cir. 1995)("[A] district court possesses the inherent or equitable power summarily to enforce an agreement to settle a case pending before it."). In its role as supervisor of litigation, the district court exercises its power to determine "whether the parties *actually* entered into a valid and enforceable agreement." *Carr*, 89 F.3d at 331 (emphasis added). Importantly, if the Court finds a settlement agreement has been entered into, "a settlement agreement or stipulation voluntarily entered into *cannot be repudiated by either party and will be summarily enforced by the Court*." *Wilson*, 46 F.3d at 667 (emphasis added).

Because this lawsuit and the underlying allegations arose in Illinois, whether or not a contract to settle was formed is governed by Illinois law. In Illinois, "Oral settlements are enforceable if there is an offer, an acceptance, and a meeting of the minds regarding the terms." *Pritchett v. Asbestos Claims Mgmt. Corp.*, 773 N.E.2d 1277, 1282 (Ill. App. Ct. 2002).

## III.    Discussion

On April 3, 2013, after extensive negotiations over seven days, Plaintiff and Defendants reached an oral settlement agreement where: (1) Defendants would pay Plaintiff $65,000.00; (2)

4

Plaintiff would dismiss his lawsuit with prejudice; and (3) Plaintiff would execute Defendant Wal-Mart's standard settlement agreement, which includes an agreement to not seek reemployment with Defendant Wal-Mart. The settlement agreement in this case is binding and enforceable because the Parties had a meeting of the minds on all the material terms.

A.   **The Settlement Agreement In This Case Is Binding And Should Be Enforced.**

In Illinois, a settlement agreement may be reached through oral statements in or out of court. *See e.g., Wilson,* 46 F.3d at 666 (applying Illinois law); *Pritchett*, 773 N.E.2d at 1282. Under both Federal and Illinois law, an oral settlement agreement is enforceable provided that there is a meeting of the minds on all of the material terms. *See Taylor v. Gordon Flesch Co.,* 793 F.2d 858, 862 (7th Cir. 1986) ("[U]nder federal law, oral settlement agreements are enforceable"); *Pritchett*, 773 N.E.2d at 1282 (Ill. App. Ct. 2002) (enforcing an oral settlement agreement under Illinois law and ruling that "Oral settlements are enforceable if there is an offer, an acceptance, and a meeting of the minds regarding the terms."). Importantly, the parties need not "share the same subjective understandings as to the terms of the contract"; rather, it suffices that their conduct and words objectively demonstrate their assent to those terms. *Midland Hotel Corp. v. Reuben H. Donnelley Corp.*, 515 N.E.2d 61, 65 (Ill. 1987).

As discussed above, Plaintiff and Defendants reached an oral settlement agreement that included a monetary settlement amount, an agreement that Plaintiff would dismiss his lawsuit with prejudice, and **specific** terms set forth in Defendant Wal-Mart's standard settlement agreement. Critically, **Plaintiff** set and extended these terms to Defendants, including by assenting to the terms of Defendant Wal-Mart's settlement agreement that previously had been conveyed to Plaintiff's counsel. Therefore, there was a meeting of the minds on **all** material terms for the settlement in this case. *Taylor*, 793 F.2d at 862 (stating that an agreement is

enforceable if the material terms of the agreement are reasonably certain); *Pritchett*, 773 N.E.2d at 1282 (stating that the agreement is enforceable if the court can determine "what the parties have agreed to do") (citation omitted); *Platcher v. Health Professionals, Ltd.,* 549 F. Supp. 2d 1040, 1046-47 (C.D. Ill. 2008) (stating that monetary compensation, a mutual release, and a dismissal of the case were the only material terms of the parties' oral settlement agreement, that the issue of keeping the settlement terms confidential was not a material term, and that omission of a confidentiality clause would not affect the enforceability of the oral agreement).

Plaintiff is contractually bound under Illinois law to the terms of the settlement. Plaintiff cannot now simply change his mind and "revoke" his contractual obligations. Accordingly, this Court should enforce the terms of the Parties' agreed-upon April 3, 2013 settlement. *See, e.g., Wilson*, 46 F.3d at 667 ("a settlement agreement or stipulation voluntarily entered into *cannot be repudiated by either party and will be summarily enforced by the Court*.") (emphasis added); *Glass v. Rock Island Refining Corp.*, 788 F.2d 450, 454-455 (7th Cir. 1986) ("If a party to a [lawsuit] who has previously authorized a settlement changes his mind . . ., that party remains bound by the terms of the agreement.") (citation omitted).

**B.    Defendants' Request A Stay Of These Proceedings Pending Resolution Of Its Motion To Enforce Oral Settlement Agreement.**

The dispositive motion deadline is currently set for May 3, 2013. It would prejudice the Parties to have to expend resources on briefing their dispositive motions or prepare filings or other materials in connection with any other deadlines currently pending prior to a resolution of Defendants' Motion to Enforce. Indeed, if the Court grants Defendants' Motion to Enforce, it will obviate the need for dispositive motions or any other filing or deadline related to the underlying merits of the case. In addition, a stay of all deadlines will promote judicial economy by preventing the Court from having to address issues relating to the merits that will be mooted

6

if Defendants' Motion to Enforce is granted. Defense counsel has discussed its motion to stay all case deadlines with Plaintiff's counsel, and Plaintiff's counsel joins in this motion. Accordingly, Defendants respectfully request that all case deadlines be stayed pending the Court's ruling on Defendants' Motion to Enforce.

## IV.   Conclusion

Plaintiff entered into a clearly defined, binding agreement to settle his lawsuit against Defendants. Accordingly, for the reasons set forth above, Defendants respectfully request that this Court enforce the terms of the Parties' negotiated and binding settlement agreement, and that the Court stay all case deadlines in this matter pending its ruling on Defendants' Motion to Enforce.

Respectfully submitted,

BY:   */s/ Susan M. Zoeller*
Susan M. Zoeller
susan.zoeller@btlaw.com
Mark J. Pizur
mark.pizur@btlaw.com
**BARNES & THORNBURG LLP**
11 S. Meridian Street
Indianapolis, Indiana 46204
Telephone:   (317) 236-1313
Facsimile:   (317) 231-7433

Attorneys for Defendants

**Certificate of Service**

The undersigned hereby certifies that a copy of the foregoing has been served this 30th day of April, 2013 by electronic mail and United States mail, first class, postage prepaid, to the following counsel of record:

> Gerald W. Smith
> SMITH LAW FIRM P.C.
> P.O. Box 46
> Mahomet, IL 61853
> gwsmith@gwsmithlawfirm.com

*/s/ Susan M. Zoeller*_____
Susan M. Zoeller

INDS02 SMZ 1268904v1